IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAARON SHEARS, | ) |
| Plaintiff, | ) Civil Action No. 1:21-246 |
| v. | ) Magistrate Judge Patricia L. Dodge |
| SCI FOREST, LIEUTENANT HAGGERTY, COL. CATAGARONE, CAPTAIN DAVIS, SCHIAFONE, PACK and YENZI. | ) |
| Defendants. | ) |

**MEMORANDUM ORDER[1]**

Plaintiff, Daaron Shears, who is proceeding *pro se*, is a state prisoner housed at SCI Forest. He commenced this civil rights case in 2021 under 42 U.S.C. § 1983. In the Second Amended Complaint (ECF 43), which is the operative pleading, Plaintiff names as defendants SCI Forest and Lt. Haggerty, Cpt. Davis, Catagarone, Schiafone, Pack and Yenzi.

Plaintiff asserts in the Second Amended Complaint that one or more of the individual defendants violated his rights under the First, Fourth, and Eighth Amendments during an alleged incident of excessive force that occurred on July 27, 2021. On that date, Plaintiff alleges, he was placed in a restraint chair and his clothing was cut off him in the hallway of the K-Unit building, thus exposing his buttocks and genitals to the other inmates housed in that unit. Plaintiff seeks declaratory relief and money damages against each defendant, and injunctive relief in the form of an order directing SCI forest "to enforce 'PREA' policy within it's [sic] institution and strip inmates out in the assigned area VIA strip cage reception and not in hallways to [alleviate] future

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case.

inmates from being exposed and/or subjecting them to ("VOYEURISM") by staff member." (ECF 43 at 20.)

Pending before the Court is Plaintiff's Motion for Injunction (ECF 27), which is dated April 14, 2022. In it, Plaintiff asserts that on April 12, 2022, Defendant Schiafone harassed him by stating to him, as he was walking by Plaintiff's cell, that "your baby brother Antwon Rose died by (3) three shots by Michael Rosfeld." (ECF 22 at 1.) Plaintiff reported the remark to Unit Manager Perry, who is not a defendant in this case. Plaintiff asserts that Perry retaliated against him by interfering with Plaintiff's progression through Phase 2 of the Behavior Management Unit ("BMU") program that he is participating in at SCI Forest. Plaintiff also asserts that Perry and Defendant Schiafone are retaliating against him and/or engaging in a "campaign of harassment because of this [lawsuit] and his brother being Antwon Rose." (*Id.* at 2.)

Plaintiff does not specify in either his Motion (ECF 27) or Brief in Support (ECF 28), precisely what type of preliminary injunctive relief he seeks. The Court presumes he seeks an order that enjoins Perry and Defendant Schiafone to cease their alleged retaliatory and harassing conduct.

It is well established that preliminary injunctive relief is "an extraordinary remedy" and "should be granted only in limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *American Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)). In evaluating a movant's request for preliminary injunctive relief, courts employ the familiar four-factor balancing test. *Reilly v. City of Harrisburg*, 858 F.3d 173, 176-79 (3d Cir. 2017). That test requires that the movant demonstrate a reasonable probability of eventual success in the litigation, and that it is more likely than not that he will suffer irreparable injury without immediate injunctive relief. *Id.* The remaining two factors are the possibility of

harm to other interested persons from the grant or denial of the injunction, and the public interest. *Id.* If the movant meets his burden on the first two factors, which are the "most critical[,]" "a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* at 179.

Importantly, the above-cited factors are relevant only if the movant's request for immediate injunctive relief is being sought for its proper purpose, which is to maintain the status quo to avoid the likelihood of irreparable injury before a decision on the merits of the complaint can be rendered. *See, e.g.*, *Winter v. Natural Resources Def. Council*, 555 U.S. 7, 22 (2008). By contrast, injunctive relief is not an appropriate means by which to raise and litigate new claims, either against a named defendant or a third party. Moreover, there must be "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (finding that because plaintiff's motion raised issues different from those presented in his complaint, his allegations could not provide the basis for a preliminary injunction); *see also Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010).

Here, the allegations Plaintiff raises in his motion are premised upon new claims of misconduct based on events that only recently occurred at SCI Forest. Thus, Plaintiff's motion is not, in fact, a proper motion for preliminary injunctive relief. As discussed above, he cannot amend or supplement his complaint by filing a motion for preliminary injunctive relief and raising new claims in it. Nor can he avoid the requirements of the Prison Litigation Reform Act by styling his motion as one for injunctive relief when he is actually bringing new claims of misconduct against either a defendant or another individual working at SCI Forest. Finally, Plaintiff cannot use such a motion in an attempt to make the Court the overseer of the day-to-day management of the prison system, including his progression through the BMU program. If Plaintiff wants to pursue claims

based upon the allegations he raises in his motion, he is reminded that under 42 U.S.C. § 1997e(a), he must first fully exhaust all available administrative remedies before pursuing a civil rights complaint concerning prison conditions.

For the foregoing reasons, Plaintiff's Motion for Injunction (ECF 27) is denied because it improperly seeks immediate injunctive relief on impermissible and inappropriate bases.

So ORDERED this 3rd day of May, 2022.

/s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge